

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0722-19

## BRADEN DANIEL PRICE, Appellant

### v.

## THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## BEXAR COUNTY

**NEWELL, J., filed a dissenting opinion in which HERVEY J., joined.**

Police received a tip that Appellant was trafficking drugs at the airport. A drug-sniffing dog later alerted on Appellant's rolling suitcase. Police detained Appellant after he retrieved his luggage. We held in *Lalande v. State* that police could lawfully search a suspect's suitcase in

a situation very similar to the one presented in this case.[1]  I agree with the court of appeals that we did so in that case under a theory of inevitable discovery.  The question before the Court in *Lalande* was whether the search in that case was proper incident to arrest.[2]  We held that the search was justified at the time of arrest because the luggage would have eventually been searched.[3]  We did not base our decision upon the theory that the search was a legal inventory search; we based it on the theory that discovery during a future inventory search was inevitable.  That's inevitable discovery.[4]  So, the court of appeals was

---

[1] 676 S.W.2d 115, 118 (Tex. Crim. App. 1984) (holding that the baggage at issue could be searched incident to arrest even though Appellant claimed it was his companion's bag).

[2] *Id.* at 118 ("Appellant also contends the seizure of appellant's bag and contents was unlawful in that, since appellant's *companion* was carrying the bag, it cannot be said to be so connected with appellant as to admit of a search incident to appellant's arrest.").

[3] *Id.* (adopting rationale justifying a warrantless search set out in Judge Clinton's concurring opinion in *Stewart v. State*, 611 S.W.2d 434 (Tex. Crim. App. 1981)); *see also Stewart*, 611 S.W.2d at 441 (Clinton, J., concurring) (rejecting search-incident-to-arrest theory and arguing that search was permissible because "[w]hatever vestiges of privacy remained would soon be lost through routine property inventory preceding confinement").

[4] There is no "search of items accompanying the detainee into confinement" in Texas. The case Judge Clinton relied upon to set out this rationale in his concurring opinion in *Stewart v. State* was based upon searches of belongings at the station not at the scene.  *See Stewart*, 611 S.W.2d at 441 (quoting *United States v. Edwards*, 415 U.S. 800, 804–05 (1974)).  Under federal law, it is of no moment whether the search occurs at the scene or at the jail because of the existence of the inevitable discovery doctrine.  If the search at the jail is permissible, the search at the scene in anticipation of the item being inventoried at the jail when the arrestee lacks any expectation of privacy is also permissible.  *See, e.g., United States v. Matthews*, 532 Fed. Appx. 211, 225 (3d Cir. 2013) ("We note that, even if we were to find the search of Matthews' backpack unconstitutional, we agree with the District Court that the evidence in question would have been discovered pursuant to a valid inventory search at the police station when Matthews was processed, and thus it was properly admitted under the inevitable discovery doctrine.").  When we decided *Lalande*, the question of whether the inevitable discovery doctrine applied under Texas law was still an open question.  But, after *Lalande*, we

correct that our holding that the statutory exclusionary rule does not incorporate the inevitable discovery doctrine undermined our previous holding in *Lalande.*[5] If we don't like the conclusion of the court of appeals, we are better off revisiting our interpretation of Article 38.23 as a matter of statutory construction rather than stretching Fourth Amendment precedent to uphold the search under a re-imagining of our holding in *Lalande*.

The difficulty in this case is that the search feels reasonable, but it doesn't squarely fit into a carefully drawn exception to the Fourth Amendment's search warrant requirement.[6] Police had probable cause to arrest Appellant for possession of a controlled substance because they knew he had marijuana in his bag at the airport. Why require police to go through the trouble of getting a search warrant when the probable

---

decided *State v. Daugherty*, 931 S.W.2d 268, 273 (Tex. Crim. App. 1996), which forecloses the application of the inevitable discovery doctrine in Texas. So, under Texas law, it does matter whether the search occurs at the scene or the jail. *See Garcia v. State*, 829 S.W.2d 796, 798–800 (Tex. Crim. App. 1992) (concluding that the inevitable discovery doctrine "is not an exception to core prohibitions of the Fourth Amendment, but only an exception to the federal exclusionary rule"); *Daugherty*, 931 S.W.2d at 273 (holding that "Article 38.23 does not contemplate an inevitable discovery exception").

[5] *Price v. State*, No. 14-18-00628-CR, 2019 WL 2013849, at *3 (Tex. App.—San Antonio May 8, 2019) (mem. op. not designated for publication) ("The analysis in *Lalande*, however, cannot be reconciled with the rejection of the doctrine of inevitable discovery by the Texas Court of Criminal Appeals in *State v. Daugherty*, 931 S.W.2d 268, 273 (Tex. Crim. App. 1996).").

[6] *See Riley v. California*, 573 U.S. 373, 382 (2014) ("In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement.").

cause to arrest didn't require a warrant and it is the same probable cause pointing to drugs in the luggage?  Allowing the search in this case would certainly be close enough for government work.

But, as Judge Walker points out, the United States Supreme Court has reached the opposite conclusion in *United States v. Chadwick,* albeit when the luggage at issue (a footlocker) was bigger.[7]  There, in a situation analogous to the one presented here, the United States Supreme Court held that the search-incident-to-arrest exception does not justify a search of luggage once police have that luggage in their personal control and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence.[8]  Perhaps it is enough to liken the luggage at issue in this case to a purse given its mobility.  But I believe *Chadwick* is dispositive, even though the Supreme Court may need to revisit *Chadwick* in light of some of its more recent holdings.[9]

Indeed, the Supreme Court has already watered *Chadwick* down.

---

[7] 433 U.S. 1, 12 (1977).

[8] *Id.* at 15.

[9] *See, e.g., State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998) ("When we decide cases involving the United States constitution, we are bound by United States Supreme Court case law interpreting it.  If Texas case law is in conflict, we are obligated to follow United States Supreme Court federal constitutional precedents.").

In *United States v. Ross*, the Court extended the "automobile exception" to allow for a search of every container within the automobile so long as there was probable cause to search the entire car.[10]  Later, in *California v. Acevedo*, the Court held that police could search a container within a car pursuant to the automobile exception even when officers lacked probable cause to search the entire car.[11]  Both cases seem to allow for a warrantless search of "containers" like luggage, at least in a car, so long as there is probable cause to believe that there is contraband to be found. It seems inconsistent to allow a search of bags in a car under this type of rationale while prohibiting a search of a person's bags at the airport. After all, under existing Supreme Court precedent, it would seem police could have searched the luggage in this case if they had waited to pull Appellant over after Appellant put it in the trunk of a car and drove away.

Nevertheless, *Ross* made clear that its holding allowing the search of containers in a car was based upon an extension of the automobile exception rather than an extension of the search-incident-to-arrest exception.[12]  Further, the Supreme Court has maintained the distinction

---

[10] 456 U.S. 798, 823 (1982).

[11] 500 U.S. 565, 574 (1991).

[12] *Ross*, 456 U.S. at 816–17.

between a search pursuant to the automobile exception and a search incident to arrest. It has held, for example, that a warrantless search of a car is unjustified incident to arrest once the car had been secured and there is no danger that the arrestee could gain access to a weapon inside the car or destroy evidence within it.[13] And the Court held that such a search is unjustified as a search-incident-to-arrest even if the search could have been justified under the automobile exception.[14]

Perhaps the United States Supreme Court should recognize that this distinction is problematic. The ability to search a person for evidence of a crime upon a full-custodial arrest is long-standing and well-established.[15] It seems like this justification could be extended to a warrantless search of an arrestee's luggage based upon probable cause, just as the automobile exception was extended to allow for searches of any container in a car. However, that may be inconsistent with the Supreme Court's recent prohibition of warrantless blood draws and

---

[13] *Arizona v. Gant*, 556 U.S. 332, 351 (2009).

[14] *Id.* at 347 (noting that a car may be searched pursuant to the automobile exception even if a search is not justified incident to arrest).

[15] *See, e.g., Agnello v. United States*, 269 U.S. 20, 30 (1925) ("The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted.") (citing *Carroll v. United States*, 267 U.S. 132, 158 (1925)).

searches of cell phones.[16] Continuing to link the propriety of a search incident to arrest to the characteristics of a specific type of "container" is unlikely to provide clear guidance on when a search of someone's personal belongings incident to arrest is permissible. Ultimately, any confusion or inconsistency emanates from the Supreme Court's precedent and it's up to that Court to fix it.

I acknowledge that the search at issue in this case might have been justified as a "present" inventory search rather than as an "inevitable" one, if that was what occurred.[17] But that theory requires proof of an established departmental policy to inventory such property at the airport as well as proof that the policy was followed.[18] The State did not make

---

[16] *See Birchfield v. North Dakota*, 136 S. Ct. 2160, 2184 (2016) (holding that the Fourth Amendment prohibits warrantless blood tests incident to arrest for drunk driving); *Riley*, 573 U.S. at 403 ("Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant.").

[17] *See South Dakota v. Opperman*, 428 U.S. 364, 369 (1976) (explaining that inventory procedures serve three purposes: (1) to protect the owner's property while it is in police custody; (2) to protect the police against claims or disputes over lost or stolen property; and (3) to protect the police or public from potential danger); *Vargas v. State*, 542 S.W.2d 151, 153–54 (Tex. Crim. App. 1976) (finding the Supreme Court's reasoning and policies for inventory searches stated in *South Dakota v. Opperman* "fully applicable" to the inventory search in the case); *see also Florida v. Wells*, 495 U.S. 1, 4 (1990) ("[A]n inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence.").

[18] *Moberg v. State*, 810 S.W.2d 190, 195 (Tex. Crim. App. 1991) (noting that inventory searches must be carried out pursuant to police department policy and that the State must show that an inventory policy existed and that the policy was followed to justify an inventory search); *see also Trujillo v. State*, 952 S.W.2d 879, 882 (Tex. App.—Dallas 1997, no pet.) (holding that search of locked bank bag before it was placed in the property room was a valid inventory search because it was conducted in light of established departmental policy).

that argument to the trial court and the record doesn't support it.[19]  I would not remand the case for the court of appeals to address an argument that the State isn't even making.[20]  I would simply affirm the court of appeals opinion and wait for a case in which the issue is squarely presented.  With these thoughts, I respectfully dissent.

Filed: September 23, 2020

Publish

---

[19] In fact, at the suppression hearing, the State made the following statement: "We don't have a warrant and none of the other exceptions to the warrant requirement obviously apply but the search incident to arrest exception."  II R.R. at 31.

[20] *See Florida v. Wells*, 495 U.S. 1, 4 (1990) ("Our view that standardized criteria, *ibid*, or established routine, *Illinois v. Lafayette*, 462 U.S. 640, 648, 103 S.Ct. 2605, 2610, 77 L.Ed.2d 65 (1983), must regulate the opening of containers found during inventory searches is based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence.").